## MARY BILBREY v. J. I. POSTON.

1. HOMESTEAD. *When alienable.* Before the establishment of the Constitution, on the 5th May, 1870, there existed no Constitutional or other legal inhibition to restrain the alienation of a homestead by husband, all transfers anterior to that date are valid.

2. CONSTITUTION WENT INTO EFFECT. *When.* The Governor made proclamation on the 5th of May, 1870, declaring the result of the vote upon the ratification of the Constitution, which, consequently, went into effect upon, and bears test from that date.

Code cited: §2114a.

### FROM OVERTON.

Appeal from the Chancery Court.

J. D. GOODPASTURE for Bilbrey.

GARDENHIRE and BARNES for Poston.

DEADERICK, J., delivered the opinion of the Court.

Complainant filed her bill in the Chancery Court of Overton County, September 22, 1871, to set aside a deed made by her late husband, Herod Bilbrey, on 15th April, 1870.

The bill alleges that said Herod had departed this life since the execution of said deed, and that she, as his widow, was entitled to a homestead in the lands illegally conveyed by him; and that the conveyance was procured by fraud; and that said Herod was very

old and of unsound mind, and incapable of doing a binding act at the date of the deed.

The Statutes exempting homesteads, in favor of the heads of families from sale by execution or attachment, previous to the Act of June 20, 1870, did not inhibit the voluntary alienation of such homestead by the owner thereof.

The Act of 29th June, 1870, was passed pursuant to the provision of the Constitution of the State, adopted in 1870.    The 11th section of Article XI, of that instrument, exempts a homestead in the possession of the head of a family to the value of $1,000 during his life, and at his death, to inure to the benefit of his widow, and during the minority of the children occupying the same, and inhibits the husband from alienating during his wife's life.    The Act of June 29, Code, §2114a, contains similar provisions, and requires that the wife's consent shall be evidenced by conveyance, duly executed as required by law, for married women.

The ordinance of the Convention prescribing the manner and time at which the question of the ratification or rejection of the Constitution should be submitted to the vote of the people of the States, as well as the qualification of the voters, by its 4th section directs that the Governor, Speaker of the Senate and the President of the Convention, or any two of them, shall compare the votes, and if it shall appear that a majority of the votes was cast for the new Constitution, then they, or any two of them, shall

append to the new Constitution a certificate of the result of the votes, from which time the Constitution shall be established, and the Governor shall make proclamation of the result.

Accordingly, the certificate of the result was issued on the 5th of May, 1870, and the Governor did, on that day, " declare and proclaim the result of the vote upon the ratification or rejection of the Constitution in pursuance of the fourth ordinance," as the proclamation recites, thus attesting that the Constitution was established on the 5th of May, 1870.

The conveyance to defendant was executed 15th April, 1870, at a time when no constitutional, or other legal inhibition existed, to restrain the alienation of the homestead by the husband, he being the owner thereof.

The charges of fraud and incapacity are wholly unsustained by the proof.

The vendor, although an aged and somewhat decrepid man, was in the possession of his ordinary and usual mental powers, understood the business he was about, and had around him at the consummation of the trade his family, including two grown sons, ready and competent to protect him against imposition.

We are, therefore, of opinion, that the complainant is, on none of the grounds relied on in her bill, entitled to any relief.

The Chancellor so held, and dismissed her bill, and we affirm his decree.